# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC L. MAXWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV425-035 |
| | ) | |
| ANGELA PHAM, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is the Magistrate Judge's March 4, 2025 Report and Recommendation, doc. 8-1, to which Petitioner has objected, doc. 12. After a careful *de novo* review, the Court agrees with the Magistrate Judge's recommendation. For the reasons explained below, Maxwell's objections are **OVERRULED**. Doc. 12. The Court, therefore, **ADOPTS** the Report and Recommendation, doc. 8-1, as its opinion and **DISMISSES** Petitioner's Petition for Writ of Habeas Corpus, docs. 1 & 3, as untimely. Maxwell's objection to the Magistrate Judge's denial of his request for appointed counsel is construed as an appeal, pursuant to 28 U.S.C. § 636(b)(1)(A), and **DENIED**. Doc. 12.

The Magistrate Judge explained that Petitioner Eric L. Maxwell was convicted, after a jury trial, of malice murder, felony murder, aggravated assault, possession of a firearm during the commission of a crime, and hijacking a motor vehicle in 2010. Doc. 8-1 at 3. His conviction was affirmed by the Georgia Supreme Court on March 20, 2012. *Id.* (citing *Maxwell v. State*, 722 S.E. 2d 763 (Ga. 2012)). He did not file a petition for *certiorari* to the United States Supreme Court. *Id.* He filed what appears to be a state habeas petition in the Superior Court of Chatham County, Georgia in 2014. *Id.* He filed another petition in the Superior Court of Tattnall County, Georgia in 2016. *Id.* The Georgia Supreme Court dismissed that petition in 2024. *Id.* at 4. The Magistrate Judge explained that Maxwell's conviction became final, for purposes of 28 U.S.C. § 2244(d)'s statute of limitations, in 2012 and the one-year period to seek federal habeas relief expired in 2013. *Id.* at 6. As he explained, the petitions filed in 2014 and 2016, therefore, could not affect the statute of limitations, as it had already expired. *Id.* at 6-7. The Magistrate Judge also explained that Maxwell had failed to establish that he was entitled to equitable tolling of or the actual-innocence exception to the statute of limitations. *Id.* at 7-9.

2

Maxwell first objects that the Magistrate Judge misconstrued the nature of the two versions of the petition, docs. 1 & 3. *See* doc. 12 at 2. He does not indicate how or why any such misunderstanding adversely affected the Magistrate Judge's analysis. *See id.* Moreover, he is mistaken that the Magistrate Judge did not recognize the near identity of the two petitions. *See* doc. 8-1 at 1 n. 1. Maxwell's first objection, therefore, is meritless.

Maxwell's second objection complains, generally, about the fact of preliminary review. *See* doc. 12 at 2. He objects that the Magistrate Judge did not consider his substantive grounds, which he characterizes as "very ripe for judicial review." *Id.* at 3. However, the Rules Governing Section 2254 Cases expressly require that such petitions be "promptly examined," and "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief . . . , the judge *must dismiss* the petition . . . ." Rule 4, Rules Governing Section 2254 Cases (emphasis added). To the extent that Maxwell objects that timeliness should not be evaluated under Rule 4, the Eleventh Circuit has expressly approved such dismissals. *See Paez v. Sec'y, Fla. Dept. of*

3

*Corrs.*, 947 F.3d 649, 653-655 (11th Cir. 2020). Maxwell's second objection, therefore, is meritless.

Finally, Maxwell's fourth objection asserts that the Magistrate Judge failed to account for the effect of his state habeas petitions on the timeliness of the instant Petition. *See* doc. 12 at 6-7. He asserts that the Georgia Supreme Court's dismissal of his Tattnall County petition in 2024 provides the relevant triggering date for the statute of limitations under 28 U.S.C. § 2244(d). *Id.* at 7. He does not dispute the Magistrate Judge's determination that his conviction became final when the time expired for him to petition the United States Supreme Court for *certiorari*, on May 28, 2012. Doc. 8-1 at 6; *see generally* doc. 12. He, therefore, cannot dispute that the one-year period under 28 U.S.C. § 2244(d)(1) expired on May 28, 2013. *See* doc. 8-1 at 6. He also does not dispute the Magistrate Judge's recognition that he did not have any appeal or collateral proceeding pending in the state courts until March 6, 2014. *See* doc. 8-1 at 3; *see also* doc. 3 at 2. As the Eleventh Circuit has explained, "[a] state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*,

4

199 F.3d 1256, 1259 (11th Cir. 2000). The Magistrate Judge correctly recognized that proceedings on Maxwell's 2014 and 2016 petitions could not toll the statute of limitations, and the instant Petition is untimely. *See* doc. 8-1 at 6-7. Maxwell's contention that the Georgia Supreme Court's final resolution of his 2016 petition is the relevant date for calculating the timeliness of the instant Petition is, therefore, mistaken.

Finally, Maxwell objects to the Magistrate Judge's denial of his request for appointed counsel. *See* doc. 12 at 5-6. Since that denial was not a recommendation, it is not subject to *de novo* review, pursuant to 28 U.S.C. § 636(b)(1)(C). The statute governing referrals to the Magistrate Judge provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). When considering a party's objections to a magistrate judge's ruling on a non-dispositive matter, the district judge

5

must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Otherwise, the magistrate judge's ruling stands. "A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." *Jackson v. Deen*, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)). A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." *Id.* (citations omitted).

Maxwell, somewhat creatively, asserts that he is entitled to appointed counsel, notwithstanding that his case does not present any exceptional circumstances, because he "is under conviction for a capital offense." Doc. 12 at 6. Federal law does provide for appointment of counsel in capital habeas cases. *See* 28 U.S.C. § 2261. Maxwell points to an opinion by the Alabama Court of Appeals which recognizes that a "capital case," is one where "the death penalty may, but need not necessarily, be inflicted . . . ." *Lee v. State*, 13 So. 2d 583, 587 (Ala. Ct. App. 1943). However, whatever the state of Alabama law in the 1940's

6

may have been, the federal statute is clear that appointment of counsel is required when a petitioner is "subject to a *capital sentence*," 28 U.S.C. § 2261(a); that is, for petitioners who have been sentenced to death. Maxwell does not contend that he is "subject to a capital sentence," *see, e.g., Maxwell*, 722 S.E. 2d at 574 n. 1 ("The trial court sentenced [Maxwell] to serve life in prison for malice murder, five years to serve consecutively for possession of firearm [sic] during the commission of a crime, twenty years to serve consecutively for aggravated assault, and twenty years to serve consecutively for hijacking a motor vehicle."); *see also* doc. 3 at 12. The Magistrate Judge's denial of Maxwell's request for appointed counsel was, therefore, not "clearly erroneous or contrary to law."

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would

7

not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

      **SO ORDERED** this 24 day of April, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA